UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-11626-RGS

STEVEN L. SMITH

v.

ADS CARLOS, et al.

ORDER

September 29, 2022

STEARNS, D.J.

Now before the court is a civil complaint, Dkt #1, and an "Exigent Motion to Request Restraining Order to Return Plaintiff Back to Suffolk County Jail," Dkt #9, filed by pretrial detainee Steven L. Smith. Smith has not paid the filing fee or filed a motion for leave to proceed without prepayment of the fee. For the reasons set forth below, the court will DENY the motion without prejudice.

In his complaint, dated September 20, 2022, Smith alleges that the previous evening he had been transferred without prior notice from the Suffolk County Jail to Barnstable County Jail. Smith claims that the transfer was in retaliation for him (1) filing grievances concerning photocopying of

legal materials and mail at Suffolk County Jail; and (2) requesting access to a typewriter and laptop to prepare court documents.

Smith represents that he recently has been granted leave to represent himself in a pending criminal prosecution in which he faces a possible life sentence. According to Smith, another inmate at Suffolk County Jail informed him that, at that particular facility, a person representing himself in a criminal action can have access to a laptop and typewriter in his cell and some access to a printer. *See* Compl., Dkt #1, § 17. Smith claims that "[o]ne reason [he] pushed to represent [himself] is [he] assumed [he] could prepare professional documents and have access to a printer and avoid the 3 *week* delay in getting *copies* and the poor quality of them." Compl., Dkt #1, § 18 (emphases in original). Smith asks the court to order the defendants to have him returned to Suffolk County Jail and provide him with the legal necessities to represent himself. He claims that resources at the Barnstable County Jail are insufficient to allow him to prepare necessary documents.

A court can issue a temporary restraining order without notice to an adverse party on if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1).

In this case, Smith has not alleged specific facts which "clearly show" that he will suffer "immediate and irreparable injury" before the defendants can be heard in opposition to his motion. Although the court is not unsympathetic to the logistical challenges a *pro se* pretrial detainee might face in preparing court filings, any such difficulties are not sufficient for the court allow the motion on an *ex parte* basis.

If Smith wishes to pursue this action and seek a preliminary injunction to be transferred back to Suffolk County Jail, he may do so by filing a motion for a preliminary injunction and a supporting memorandum in which he addresses the four factors a court must consider in deciding whether pre-trial injunctive relief is justified:

> (1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.

*Esso Standard Oil Co. (Puerto Rico) v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006) (alteration in original).[1]

---

[1] Further, before summonses may issue, Smith must pay the $402 filing fee or file a motion for leave to proceed *in forma pauperis*. A separate order concerning the filing fee has already issued. Dkt #4.

## ORDER

For the foregoing reasons, the motion for a restraining order that Smith be transferred back to the Suffolk County Jail, Dkt #2, is DENIED without prejudice.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE