UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-11626-RGS

STEVEN L. SMITH

v.

ADS CARLOS, et al.

ORDER

October 20, 2022

STEARNS, D.J.

Upon review of the pending motions filed by plaintiff Steven L. Smith, the court hereby orders:

1.   The Motion to Conjoin Civil Actions, Dkt #8, is DENIED.  Smith asks that the court "conjoin" this action with *Smith v. Cahoon*, C.A. No. 22-11626-RGS (D. Mass.).  *Smith v. Chahoon* was dismissed in June 2002 and the court has denied Smith's motion to reopen that case.

Further, even if both cases were open, the court would not combine them.  The court understands that, from the plaintiff's perspective, the two cases share some factual relevance.  Smith alleges in this action, which he commenced in September 2022, that he was transferred from Suffolk County Jail to Barnstable County Jail in retaliation for making certain grievances

and requesting access to a tablet or typewriter in his cell. This was allegedly an adverse action because Barnstable County Jail does not provide adequate access to legal materials and the means by which to draft legal documents—a deficiency about which Smith complaint *Smith v. Cahoon*, filed in February 2022 but dismissed without prejudice in June 2022. Thus, the sufficiency of access to legal materials, means by which to prepare court filings, and ability to photocopy documents at Barnstable County Jail could be relevant in both cases. If Smith's ability to prepare and file legal documents at Barnstable County Jail is equal to or exceeds that which was available to him at Suffolk County Jail, Smith might encounter difficulty in showing that the transfer was an adverse action.

      Notwithstanding, the cases are against two completely different groups of defendants and raise different legal claims. Under the rules of joinder of claims and parties, *see* Fed. R. Civ. P. 18, 20, Smith would not be able to bring his claims against the staff at Suffolk County Jail and the staff at Barnstable County Jail in the same lawsuit because there is not a single claim that is common to all defendants. *See* 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1655 (3d ed.) ("Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the

2

same transaction or occurrence and presents questions of law or fact common to all.").

2.      The Motion to Include Documents in Support of Complaint and Request for Preliminary Injunctive Relief (Dkt #6) is DENIED without prejudice. It appears that these documents were prepared on the assumption that the court would allow the motion to reopen *Smith v. Chahoon* and join *Smith v. Chahoon* with this case to form a single action. That not being the case, the motion is duplicative of the contemporaneously filed motion for preliminary injunction against the defendants in this action (Dkt #10).

3.      The Motion to Include Exhibits in Support of Request for Preliminary Injunction (Dkt #15) is GRANTED. The clerk shall note on the docket that these exhibits are submitted in support of the motion for a preliminary injunction bearing only this case number (Dkt #10).

4.      The court will not adjudicate the Motion for Preliminary Injunctive Relief (Dkt #10) at this time. If the filing fee is resolved and summonses issue, Smith shall serve the motion for a preliminary injunction with the complaint.

5.      The Exigent Request for Temporary Restraining Order (Dkt #16) is DENIED. To the extent the court can even provide the relief Smith requests (*i.e.*, an order requiring the defendants to have Smith transferred

back to Suffolk County Jail), the court will not consider the matter until the defendants are served with the complaint and have an opportunity to respond.

6. The motion for leave to proceed *in forma pauperis* (Dkt #17) is DENIED without prejudice. The prison account statement Smith submitted (Dkt #11) does not contain information for the six-month period preceding the filing of this action. *See* 28 U.S.C. § 1915(a)(2) (providing that requiring a prisoner seeking leave to proceed *in forma pauperis* "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official *of each prison at which the prisoner is or was confined*" (emphasis added). Thus, Smith must obtain from Suffolk County Jail an account statement for March 19, 2022 through September 19, 2022.

The court also denies the motion for leave to proceed *in forma pauperis* (Dkt #17) because it is not clear that Smith's disclosures in his financial affidavit (which he signed under penalty of perjury) were truthful. Smith signed this document on September 30, 2022. He indicates therein that he has been without any source of income in the previous twelve months and that he did not have any cash or money in a checking or savings account.

4

However, in a document dated October 1, 2022 that Smith filed in another case, he appears to represent that has $1,500, and that he had received these funds in June 2022. *See Smith v. Daou*, C.A. No. 21-12056-DJC (D. Mass.) (Dkt # 63 ¶ 2). Smith also states in the same document that he recalled receiving $500, although he does not provide the date of the receipt of such funds. *Id.* ¶ 6.

Accordingly, Smith must, within thirty-five (35) days: (1) explain what appears to be a contradiction between Smith's representation in this action that he was without any income over the previous twelve months and his representation in *Smith v. Dauo* that he has $1,500, which he received in June 2022; and (2) resolve the filing fee by paying the entire $402 fee or file a renewed motion for leave to proceed *in forma pauperis* with the appropriate prison account statement.

Failure to comply with both requirements of the above paragraph may result in dismissal of this action.

The clerk shall mail a copy of this order to the treasurer of Suffolk County Jail to facilitate any request from Smith for a statement of the transactions and balances of his institutional account from March 19, 2022-September 19, 2022.

5

7.     The court draws Smith's attention to the requirement that all paper documents filed in this court must be on paper that is 8 ½ inches and 11 inches in size. *See* Local Rule 5.1(a)(2). Further, it goes without saying that the documents must be legible, meaning that the size of the text, neatness of the handwriting, darkness of the text, and contrast between the color of the paper and the color of the text are such that the court can read the document without issue. When paper documents that do not comport with these requirements (*e.g.*, documents written on yellow legal-sized paper) are digitized for placement on the docket, there is a risk that the digitized document will be too dark or too light to read, and that the text from the top or bottom of the original document may not appear.

The clerk shall send a copy of this order to the director of the law library at the Barnstable County Jail. The court requests that that the Barnstable County Jail provide appropriate services so that detainees and prisoners filing documents with this court may comply with aforesaid requirements.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE